| Fill in this information to identify your case: |
|---|

United States Bankruptcy Court for the:

EASTERN DISTRICT OF PENNSYLVANIA

Case number *(if known)* _____    Chapter  **11**

☐ Check if this an amended filing

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy    06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

**1. Debtor's name**    **Brith Sholom Winit, LP**

**2. All other names debtor used in the last 8 years**
Include any assumed names, trade names and *doing business as* names

**3. Debtor's federal Employer Identification Number** (EIN)    **45-2603528**

**4. Debtor's address**

**Principal place of business**

**3939 Conshohocken Avenue**
**Philadelphia, PA 19131**
Number, Street, City, State & ZIP Code

**Philadelphia**
County

**Mailing address, if different from principal place of business**

_____
P.O. Box, Number, Street, City, State & ZIP Code

**Location of principal assets, if different from principal place of business**

_____
Number, Street, City, State & ZIP Code

**5. Debtor's website** (URL)    _____

**6. Type of debtor**
☐ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
■ Partnership (excluding LLP)
☐ Other. Specify: _____

Debtor  **Brith Sholom Winit, LP**_____     Case number (*if known*)_____
        Name

7. **Describe debtor's business**   A. *Check one:*

   ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

   ■ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

   ☐ Railroad (as defined in 11 U.S.C. § 101(44))

   ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

   ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

   ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

   ☐ None of the above

   B. *Check all that apply*

   ☐ Tax-exempt entity (as described in 26 U.S.C. §501)

   ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

   ☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

   C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

   ____

8. **Under which chapter of the Bankruptcy Code is the debtor filing?**

   A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

   *Check one:*

   ☐ Chapter 7

   ☐ Chapter 9

   ■ Chapter 11. *Check **all** that apply*:

       ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

       ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

       ☐ A plan is being filed with this petition.

       ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

       ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

       ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

   ☐ Chapter 12

9. **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
   If more than 2 cases, attach a separate list.

   ■ No.
   ☐ Yes.

   District _____  When _____  Case number _____
   District _____  When _____  Case number _____

Debtor  **Brith Sholom Winit, LP** _____  Case number (*if known*) _____
     Name

| | |
|---|---|
| 10. **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?** | ■ No<br>☐ Yes. |

List all cases. If more than 1, attach a separate list

Debtor _____  Relationship _____
District _____ When _____ Case number, if known _____

11. **Why is the case filed in *this district*?**   *Check all that apply:*

    ■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

    ☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

12. **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

    ■ No
    ☐ Yes.  Answer below for each property that needs immediate attention. Attach additional sheets if needed.

    **Why does the property need immediate attention?** (*Check all that apply.*)

    ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
      What is the hazard? _____

    ☐ It needs to be physically secured or protected from the weather.

    ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

    ☐ Other _____

    **Where is the property?** _____
      Number, Street, City, State & ZIP Code

    **Is the property insured?**
    ☐ No
    ☐ Yes.  Insurance agency _____
        Contact name _____
        Phone _____

■ **Statistical and administrative information**

13. **Debtor's estimation of available funds**   *Check one:*

    ■ Funds will be available for distribution to unsecured creditors.
    ☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

14. **Estimated number of creditors**

| | | |
|---|---|---|
| ■ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

15. **Estimated Assets**

| | | |
|---|---|---|
| ■ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

16. **Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |

Official Form 201    **Voluntary Petition for Non-Individuals Filing for Bankruptcy**    page 3

Debtor   **Brith Sholom Winit, LP**_____   Case number (*if known*)_____
         Name

|  |  |  |
|---|---|---|
| ☐ $50,001 - $100,000 | ■ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

Debtor  **Brith Sholom Winit, LP**   Case number (*if known*)
     Name

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  **August 1, 2023**
     MM / DD / YYYY

**X /s/ Ephraim Diamond**   **Ephraim Diamond**
Signature of authorized representative of debtor    Printed name

Title  **Chief Restructuring Officer**

**18. Signature of attorney**

**X /s/ Harry J. Giacometti**   Date **August 1, 2023**
Signature of attorney for debtor    MM / DD / YYYY

**Harry J. Giacometti 55861**
Printed name

**Flaster/Greenberg, P.C.**
Firm name

**1717 Arch Street
Suite 3300
Philadelphia, PA 19103**
Number, Street, City, State & ZIP Code

Contact phone  **(215) 279-9393**   Email address  **harry.giacometti@flastergreenberg.com**

**55861 PA**
Bar number and State

**BRITH SHOLOM WINIT, LP**
**(A Florida Limited Partnership)**

**WRITTEN CONSENT**

The undersigned, being the Managing Member of Brith Sholom Winit, LP, a Florida Limited Partnership (the "Company"), hereby waives notice of meeting and adopt the following resolutions for the Company, which shall be deemed to be adopted and effective as of the 31st day of July 2023.

WHEREAS, by Resolution adopted by the Company on June 5, 2023, Arbel Capital Advisors, LLC and its Managing Member, was appointed Chief Restructuring Officer of the Company, empowered with all the powers designated to the Managing Member in the Company's Operating Agreement, including designation as the authorized signatory for, and on behalf of, the Company.

WHEREAS, the Chief Restructuring Officer and the Company's Managing Member have considered, among other things, the financial and operational condition of the Company, the Company's business on the date hereof, the assets of the Company, the current and long-term liabilities of the Company, the liquidity situation of the Company, the strategic alternatives available to the Company to address the fiscal condition of the Company, the effect of the foregoing on the Company's business, and the advice of the Company's legal and financial advisors;

WHEREAS, the Chief Restructuring Officer and the Company's Managing Member have had the opportunity to consult with the legal and financial advisors and to fully consider each of the strategic alternatives available to the Company and, based on their analysis and available information, deem it advisable and in the best interests of the Company, its creditors and other parties in interest, that the Company file a voluntary petition for relief (the "Chapter 11 Case" and, together with any chapter 11 cases of the Company's affiliate(s), the "Chapter 11 Cases") under the provisions of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq*. (the "Bankruptcy Code");

WHEREAS, in connection with the Chapter 11 Cases, the Chief Restructuring Officer and the Company's Managing Member deem it advisable and in the best interests of the Company to vest the Chief Restructuring Officer with the authority and responsibilities for, among other things (collectively, the "CRO Duties"): (i) consulting on all aspects of the Company's business activities and operations, including budgeting, cash management and financial management; (ii) opening and closing bank accounts; (iii) assisting with communications and negotiations with the Company's lenders, vendors, stakeholders, and other interested parties; (iv) evaluating liquidity options including restructuring, refinancing, reorganizing, or a sale of the Company's assets; (v) causing the Company to exercise its rights under certain agreements; (vi) reviewing historical and projected financial information, including operating results, capital structure and funding mechanics, for the Company and each of its affiliates; (vii) working with the Company to develop financial projections to assess the

3843719 v1

financial condition and capabilities of the Company; (vii) identifying and assessing potential restructuring alternatives; (ix) attending hearings and providing information and analyses for inclusion in court filings and testimony related thereto; (x) providing in-court testimony and approving and authorizing the filing of pleadings and other papers in the Chapter 11 Cases as representative of the Company, as may be required; (xi) supporting negotiations with the creditors and other constituents in the Chapter 11 Cases; (xii) negotiating the terms of debtor in possession financing, if any; (xiii) supervising the preparation of monthly financial reports, as required of a debtor in possession, and other financial reporting as may be required or requested by the Office of the United States Trustee; (xiv) assisting the Company with the preparation of any schedules, statements, debtor in possession financing budgets and other documents as may be required or prudent in the Chapter 11 Cases; (xv) assisting the Company in preparing, maintaining and monitoring cash flow projections and weekly variance analyses; (xvi) assessing the viability of and, if deemed prudent, assisting the Company pursue a sale or other transaction through the Chapter 11 Cases, (a) working with the Company and its professionals to maximize the value of the Company's assets, (b) developing a plan for the marketing and sale of the assets of and/or to reorganize the Company, (c) providing financial advice and assistance to the Company in connection with a sale or other transaction, and (d) facilitating and conducting any auctions or other competitive bidding in connection with the sale of the assets of the Company; (xvii) pursuing litigation and claims the Company may have against other parties or insurance of the Company; (xviii) negotiating, proposing and executing a plan of reorganization or liquidation, as is appropriate in the Chapter 11 Cases, subject to approval by the Bankruptcy Court (defined below); (xix) approving and executing any pleading or other papers and documents appropriate in the Chapter 11 Cases to be filed with the Bankruptcy Court or otherwise; (xx) serving as the responsible for all corporate decisions arising in or associated with the Chapter 11 Cases; and (xxi) performing any other services or assuming any other corporate authority or obligation(s) as the Chief Restructuring Officer may deem prudent;

WHEREAS, the Chief Restructuring Officer and the Company's Managing Member have considered individuals and firms deemed qualified to represent and perform services on behalf of the Company in connection with the Chapter 11 Cases, and based on the Chief Restructuring Officer's evaluation of potential candidates and their respective qualifications, capabilities, and experience, deems Flaster/Greenberg P.C., qualified and competent to serve as general bankruptcy counsel for the Company;

WHEREAS, the Chief Restructuring Officer and the Company's Managing Member have evaluated the financial condition of the Company and projected costs and expenses of maintaining operations and preserving assets of the Company and funding restructuring and/or liquidation costs through conclusion of the Chapter 11 Cases, and based thereon, has concluded that the Company may require additional funding or financing to cover anticipated costs and expenses ("DIP Financing") and, furthermore, that such funding may be unavailable without granting the lender(s) certain favorable terms, including first priority priming liens on assets of the Company, super priority administrative claims in the Chapter 11 Cases, and milestones for the completion of sale processes or other aspects of the Chapter 11 Cases:

NOW, THEREFORE, BE IT RESOLVED, that that the Chief Restructuring Officer

3843719 v1

shall be, and hereby is, pursuant to an Engagement Letter approved by the Company's Managing Member, authorized to act as the authorized representative of the Company including, without limitation, executing any and all documents and authorizing any acts he deems reasonable, advisable, expedient, convenient, proper or necessary to the commencement and administration of and/or exit from the Chapter 11 Cases, in the Chapter 11 Cases and any proceedings and transactions arising in or related to the Chapter 11 Cases, or the reorganization or liquidation of the Company by and through the Chapter 11 Cases, and otherwise to perform any of the Chief Restructuring Officer Duties or other duties or actions reasonably necessary to represent the Company in association with the Chapter 11 Cases and any proceedings or transactions arising in or related to the Chapter 11 Cases, provided that the Chief Restructuring Officer shall consult when appropriate with the Company's Managing Member on all of foregoing matters; and it is

FURTHER RESOLVED, that the Chief Restructuring Officer shall be, and hereby is, authorized to cause the Company to retain Flaster/Greenberg P.C. as its bankruptcy counsel under a general engagement agreement, and to take any and all actions necessary or required under the terms of the Flaster/Greenberg P.C. engagement agreement, including, without limitation, the payment and replenishment of any retainers and provision of insurance coverage; and it is

FURTHER RESOLVED, that, in the judgment of the Chief Restructuring Officer and the Company's Managing Member, it is desirable and in the best interests of the Company, its creditors and other parties in interest, that the Company shall be, and hereby is, authorized to file, or cause to be filed, a voluntary petition for relief (the "Petition") under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Pennsylvania, or such other court as the Chief Restructuring Officer shall determine to be appropriate (the "Bankruptcy Court"), and any other petition for relief or recognition or other order that may be desirable under applicable law, and the Chief Restructuring Officer, in consultation with the Company's Managing Member, is authorized to perform any and all acts reasonable, advisable, expedient, convenient, proper or necessary to effect any of the foregoing; and it is

FURTHER RESOLVED, that the Chief Restructuring Officer shall be, and hereby is, authorized and directed to execute and file on behalf of the Company all petitions, schedules, lists, and other motions, papers, or documents, and to take any and all actions the Chief Restructuring Officer deems necessary or proper to obtain such relief, including, without limitation, any actions necessary to maintain the ordinary course operation of the Company's business; and it is

FURTHER RESOLVED, that the Chief Restructuring Officer shall be, and hereby is, authorized and directed, on behalf of the Company, to retain and employ the law firm of Flaster/Greenberg P.C. as general bankruptcy counsel to represent and assist the Company in carrying out its duties as debtor in possession under the Bankruptcy Code, and to take any and all actions to advance the Company's rights, interests and obligations, including, without limitation, commencing the Chapter 11 Cases, filing any motions, objections, replies, applications or

3843719 v1

pleadings, and commencing, prosecuting and resolving any claims or causes of action arising out of, related to or in connection with the Chapter 11 Cases and/or resolution of any issues or liabilities or exercise of any rights of the Company in the Chapter 11 Cases or any related proceedings; and it is

**FURTHER RESOLVED**, that the Chief Restructuring Officer, in consultation with the Company's Managing Member, shall be, and hereby is, authorized and directed to execute and deliver on behalf of the Company any and all appropriate engagement or retention agreements for Flaster/ Greenberg P.C., to pay any appropriate retainers due thereunder, and to cause to be filed in the Chapter 11 Case an appropriate application for authority to retain the services of Flaster/ Greenberg P.C., as general bankruptcy counsel in the Chapter 11 Cases; and it is

**FURTHER RESOLVED**, that the Chief Restructuring Officer, shall be, and hereby is, authorized to retain or employ any other professionals or advisors deemed by the Chief Restructuring Officer to be reasonable, advisable, expedient, convenient, proper or necessary to the efficient and expedient administration of the Chapter 11 Cases or any related proceedings, including, without limitation, investment bankers, accountants, special counsel, or local counsel and, specifically VisionRE as asset and construction manager and any other role as the Chief Restructuring Officer deems appropriate; and it is

**FURTHER RESOLVED**, that the Chief Restructuring Officer, may if he deems prudent, negotiate and obtain proposals for DIP Financing that the Chief Restructuring Officer deems to be reasonable, advisable, expedient, convenient, proper or necessary under the circumstances presented; and it is

**FURTHER RESOLVED**, that all acts lawfully done or actions lawfully taken or to be taken by the Company, Chief Restructuring Officer, and/or any other agents or professionals of the Company in connection with the implementation of these resolutions, including any actions taken prior to the adoption of these resolutions, in all respects are hereby ratified, confirmed and approved in their entirety; and it is

**FURTHER RESOLVED**, that the Chief Restructuring Officer, shall be, and hereby is, authorized to take or cause to be taken any and all such further actions, to execute and deliver any and all such further agreements, instruments, documents, and certificates, and to pay all expenses on behalf of the Company, as Chief Restructuring Officer deems necessary or advisable to effect the purpose and intent of the resolutions hereby adopted, the taking of such actions, the execution and delivery of such agreements, instruments, documents, and certificates by the Chief Restructuring Officer to be conclusive evidence of his authorization hereunder and approval thereof; and it is

**FURTHER RESOLVED**, the Chief Restructuring Officer, shall be, and hereby is, authorized and directed to execute and file with the appropriate governmental agencies of any jurisdiction deemed so appropriate such documents as may be necessary or appropriate under the laws of any applicable jurisdiction; and it is

**FURTHER RESOLVED**, that any and all such actions heretofore taken and any and all documents, agreements, instruments, certificates, or instructions (however characterized or described) heretofore executed and delivered or filed and recorded, as the case may be, by the Chief Restructuring Officer on behalf of the Company, in order to carry into effect the purpose and intent of these resolutions or the actions or transactions contemplated herein or hereby are ratified, adopted, approved, and confirmed in all respects; and it is

**FINALLY RESOLVED**, the Chief Restructuring Officer, shall be, and hereby is, authorized and directed to take any and all actions, and to do all acts and things whatsoever, including incur any expenses, which may be necessary, advisable, appropriate, or proper to carry out and effectuate the purpose and intent of these resolutions.

This Written Consent shall be effective as of the 31st day of July, 2023, upon the signing of a copy hereof by the Managing Member of the Company.

WITNESS our hand as of the date written above.

MANAGING MEMBER:

_____
Oron Zarum

3843719 v1

| Fill in this information to identify the case: | | |
|---|---|---|
| Debtor name | **Brith Sholom Winit, LP** | |
| United States Bankruptcy Court for the: | **EASTERN DISTRICT OF PENNSYLVANIA** | ☐ Check if this is an amended filing |
| Case number (if known): | | |

## Official Form 204
### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders  12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| PECO Energy Co.  2301 Market Street  S23-1  Philadelphia, PA 19103 | | | | | | $332,043.00 |
| Whelan Security Mid-Atlantic LLC  7610 Falls of Neuse Road  Suite 290  Raleigh, NC 27615 | | | | | | $99,485.00 |
| Church Mutual Insurance Co.  3000 Schuster Lane  PO Box 357  Merrill, WI 54452 | | | | | | $86,104.00 |
| Culbertson Restoration Ltd  3110 Concord Road  Aston, PA 19014 | | | Contingent  Unliquidated  Disputed | | | $27,850.00 |
| Elevator Construction & Repair Company  2040 Bennett Road  Philadelphia, PA 19116 | | | | | | $9,630.00 |
| Pincus Elevator Company Inc.  510 E. Barnard Street  Suite 100  West Chester, PA 19382 | | | Contingent  Unliquidated  Disputed | | | $3,365.00 |
| Expel Exterminating Experts, Inc.  1130 Rte 130 N  Burlington, NJ 08016 | | | Contingent  Unliquidated  Disputed | | | $1,797.00 |

Debtor **Brith Sholom Winit, LP**    Case number *(if known)*
Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim *If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim.* | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **Brith Sholom House PA, LP**<br>**3939 Conshohocken Avenue**<br>**Philadelphia, PA 19131** | | **3939 Conshohocken Avenue, Philadelphia PA** | | **$5,000,000.00** | **Unknown** | **Unknown** |
| **City of Philadelphia**<br>**1401 John F. Kennedy Blvd**<br>**5th Floor**<br>**Philadelphia, PA 19102** | | **3939 Conshohocken Avenue, Philadelphia PA** | | **$416,491.00** | **Unknown** | **Unknown** |
| **New World Commercial Credit**<br>**644 Fernandez Juncos Avenue**<br>**Suite 301**<br>**San Juan, PR 00901-1969** | | **3939 Conshohocken Avenue, Philadelphia PA** | | **$28,364,978.00** | **Unknown** | **Unknown** |

Brith Sholom House PA, LP
3939 Conshohocken Avenue
Philadelphia, PA 19131


Church Mutual Insurance Co.
3000 Schuster Lane
PO Box 357
Merrill, WI 54452


City of Philadelphia
1401 John F. Kennedy Blvd
5th Floor
Philadelphia, PA 19102


Culbertson Restoration Ltd
3110 Concord Road
Aston, PA 19014


Elevator Construction & Repair Company
2040 Bennett Road
Philadelphia, PA 19116


Expel Exterminating Experts, Inc.
1130 Rte 130 N
Burlington, NJ 08016


Jeffrey S. Wilson
PO Box 42321
`
Philadelphia, PA 19101


Lyndsay Rowland
Starfield & Smith PC
1300 Virginia Drive, Suite 325
Fort Washington, PA 19034

```
New World Commercial Credit
644 Fernandez Juncos Avenue
Suite 301
San Juan, PR 00901-1969


PECO Energy Co.
2301 Market Street
S23-1
Philadelphia, PA 19103


Pincus Elevator Company Inc.
510 E. Barnard Street
Suite 100
West Chester, PA 19382


Whelan Security Mid-Atlantic LLC
7610 Falls of Neuse Road
Suite 290
Raleigh, NC 27615
```