IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | : Chapter 11 |
| Brith Sholom Winit, LP | : Case No.: 23-12309-amc |
| Debtor. | : |

**OBJECTION OF NEW WORLD COMMERCIAL CREDIT TO DEBTOR'S EMERGENCY MOTION FOR AUTHORITY TO USE CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363 AND REQUEST FOR EXPEDITED HEARING**

New World Commercial Credit ("New World"), by and through its counsel Fineman Krekstein & Harris PC, hereby objects to the Debtor's Emergency Motion for Authority to Use Cash Collateral Pursuant to 11 U.S.C. §363 on an interim basis, and in support hereto states as follows:

1.  It is admitted that the Debtor filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") on August 1, 2023 (the "Petition Date") and appears to have continued in possession of its property and operating its business as a debtor-in-possession pursuant to Bankruptcy Code Sections 1107 and 1108. New World had a foreclosure sale scheduled for August 1, 2023.

On August 23, 2017, Brith Sholom Winit, LP as Borrower ("Brith Sholom" or "Borrower") executed and delivered to New World Commercial Credit, as Lender ("New World" or "Lender") a certain Promissory Note (as may be amended, modified and restated from time to time, the "Note"), for a loan in the original principal amount of $36,000,000.00 (the "Loan"). The Loan made pursuant to the Note is secured by, *inter alia*, the following: i. certain Guaranty(s) executed by the Guarantors (Brith Shalom Foundation, Inc. and JPC Charities) and

each delivered to Lender (collectively the "Guaranties") in which the Guarantors unconditionally guaranteed the payment and performance of all of Borrower's obligations to Lender under the Note; and, ii. a certain first lien Mortgage, Security Agreement, Financing Statement and Assignment of Rents against property know as and located at 3939 Conshohocken Avenue, Philadelphia, Pa 19131 (the "Commercial Property") which was recorded with the Records Department of Philadelphia County on August 23, 2017 as instrument no. 53256718 (the "Mortgage") and the related Assignment Rents, Leases, Profits and Contracts dated August 23, 2017 (the "ALAR") which was recorded with the Records Department of Philadelphia County on August 23, 2017 as instrument no. 53256719.

On or about January 12, 2018, the Brith Sholom executed and delivered to New World an Amended and Restated Note (the "A&R Note") which amended the terms of the Note and reduced the balance of the Loan to $28,000,000.00, and all related documents associated with the A&R Note.

Prior to the schedule Sheriff's sale on August 1, 2023, New World had entered into eight (8) forbearance agreements that had, *inter alia*, continued the sales. A true and correct copy of the most recent forbearance agreement is attached hereto as Exhibit "A." The Forbearance Agreements each, *inter alia,* extended the maturity date of the loan, and the Debtor and Obligors, and each of them, agreed to "(i) ratify and reaffirm all of the Loan Documents; (ii) waive any defenses to liability on the Loan Documents based on events occurring prior to the date of this Eighth Forbearance; (iii) ensure all payments are made as and when required as set forth herein; (iv) adhere to the other terms set forth herein; and (v) pay the Lender's legal fees with respect to the preparation" thereof. See Exhibit "A."

2.      Denied. New World has insufficient knowledge or information to form a belief as to the truth of the allegations and for that reason it is denied.

3. Denied. New World has insufficient knowledge or information to form a belief as to the truth of the allegation and for that reason it is denied. New World was originally told by the Debtor that there were sic (6) six employees -- 3 full time and 3 part time. The Debtor has been in bankruptcy for over a month and by now should know the exact number of employees and the exact payroll. If the Debtor is increasing its payroll, this should be disclosed.

4. Denied. The Debtor's characterization of the loan as "alleged" is denied. It is admitted that in 2018, the Debtor assumed the loan. See Exhibit "A."

5. It is admitted that New World is secured by a mortgage of the Debtor's property at 3939 Conshohocken Avenue in Philadelphia, PA and an assignment of rents. It is admitted that New World claims a security interest in the rents received by the Debtor. It is unknown if this is a significant portion of the Debtor's current revenues. It is denied that the rents are property that the Debtor is entitled to use without New World's permission.

6. Denied. As of the Petition Date, New World holds a secured claim in the amount of $39,670,099.68. A true and correct copy of the Loan Payoff dated prior to the petition date is attached hereto as Exhibit "B."

7. It is admitted that New World is secured by a first lien mortgage and assignment of rents. See i*nfra.,* paragraph 1. Debtor's characterization as "alleged" is denied. It is also denied that the Debtor requires the use of Cash Collateral to pay for "necessary operating expenses essential to the Debtor's continued viability." It would be in the Debtor's and creditors' best interest to sell the property as is instead of dragging the process out and using New World's collateral to pay for years of expenses. The Debtor is not entitled to the rents from the Property and should be selling the property. See also, *Commerce Bank v. Mountain View Village*, 5 F.3d 34 (3rd Cir. 1997).

8. It is admitted that the Debtor seeks further authority to utilize Cash Collateral to fund its payroll obligations. It is denied that the Debtor can do this without New World's consent. The Debtor has failed to disclose who the employees are and what they do to or for the property and why they may be necessary.

9. It is admitted that New World did not consent to the Debtor's use of Cash Collateral. It is denied and unknown if the Debtor is in jeopardy of losing its employees as a result. Debtor's counsel's retainer was paid by JPC Charities, and the Debtor can get that entity to pay the payroll.

10. It is denied that the Debtor is entitled to collect all rents and use the funds to pay the expenses in the budget without New World's permission because, *inter alia,* New World is not adequately protected. It is further denied that the Debtor is entitled to transfer the funds into Apex's bank accounts. The funds should remain in the Debtor's DIP account. Just as the Debtor failed to disclose what the employees do, the Debtor failed to disclose in the budget who the Management Fee is paid to and what the person does for the property. The same lack of disclosure appears with respect to the "Administrative" line item.

11. It is denied that the Debtor can use the rents to pay insurance without New World's permission because, *inter alia*, New World is not adequately protected.

12. It is admitted that the Court may authorize the use of cash collateral pursuant to Section 363 if the Court determines that the secured party's interest in the collateral is adequately protected. The Debtor has not provided New World with any adequate protection with respect to the rents and nor has the Debtor provided adequate protection with respect to the premises at 3939 Conshohocken Avenue.

13. It is denied that New World's interest in the Cash Collateral will be protected if replacement liens are granted because there is no item in the budget to pay New World anything.

14. Denied. The payroll for the employees does not increase the value of the property. The Debtor has not said what the employees do even though New World has paid a month of their salaries. The Debtor has not proven that it can surcharge the collateral. Section 506(c) does not permit the Debtor to surcharge the collateral. According to 4 *Collier on Bankruptcy,* ¶¶ 506.05:

> "The general bankruptcy rule is that, absent an express agreement to the contrary, the expenses associated with administering a bankruptcy estate are not chargeable to a secured creditor's collateral or claim, but must be borne out of the unencumbered assets of the estate. One exception to this general rule is stated in section 506(c), which permits a trustee to recover administrative expenses from a secured creditor's collateral if three conditions are satisfied: (i) the expenses are "necessary" to preserve or dispose of the collateral, (ii) they are "reasonable," and (iii) the incurrence of the expenses provided a "benefit" to the secured creditor….expenses are "necessary" to the extent that they relate to the preservation or disposition of the secured creditor's collateral, and then only to the extent they are not attributable to any unwarranted delay by a party other than the secured creditor. Finally, expenses are "reasonable" to the extent that they are incurred in the ordinary course at a reasonable price."

15. Denied. It is unknown what the Debtor believes, but New World believes that public interest would be served by selling the building as it is.

16. Denied. It is not in the best interest of the reorganization of the Debtor or its creditors or residents to authorize the use of cash collateral because the Debtor has no intention to successfully reorganize for at least another year and a half

17. Denied. It is denied that the immediate use of cash collateral is essential. Strict proof is demanded.

18. It is admitted that Debtor's counsel has complied with the local rule re: scheduling.

**FINEMAN KREKSTEIN & HARRIS PC**

By: <u>Deirdre M. Richards</u>
Deirdre M. Richards, Esquire
PA ID 57712
1801 Market Street, Suite 1140
Philadelphia, PA  19103
(215) 893-8703 (direct dial)
 (215) 893-8719 (facsimile)
drichards@finemanlawfirm.com

*Attorneys for New World Commercial Credit*