EXHIBIT "A"

EIGHTH FORBEARANCE AGREEMENT

This Eighth Forbearance Agreement (this "Eighth Forbearance") is made the ____ day of _____, 2023 (the "Effective Date") by and among New World Commercial Credit (the "Lender," or the "Bank"), Brith Sholom Winit, LP (the "Borrower"), JPC Charities, an Ohio non-profit corporation and Brith Sholom Foundation, Inc., a Florida non-profit corporation (collectively the "Guarantors" and collectively with Borrower, the "Obligors").  Together the Lender and the Obligors may be referred to collectively as, the "Parties."

RECITALS:

A. On or about August 23, 2017, Borrower executed and delivered to Lender a certain Promissory Note (as may be amended, modified and restated from time to time, the "Note"), for a loan in the original principal amount of $36,000,000.00 (the "Loan");

B. The Loan made pursuant to the Note is secured by, *inter alia*, the following:

   i. certain Guaranty(s) executed by the Guarantors and each delivered to Lender (collectively the "Guaranties") in which the Guarantors unconditionally guaranteed the payment and performance of all of Borrower's obligations to Lender under the Note; and,

   ii. a certain first lien Mortgage, Security Agreement, Financing Statement and Assignment of Rents against property know as and located at 3939 Conshohocken Avenue, Philadelphia, Pa 19131 (the "Commercial Property") which was recorded with the Records Department of Philadelphia County on August 23, 2017 as instrument no. 53256718 (the "Mortgage") and the related Assignment Rents, Leases, Profits and Contracts dated August 23, 2017 (the "ALAR") which was recorded with the Records Department of Philadelphia County on August 23, 2017 as instrument no. 53256719; and,

   iii. The Mortgage is further secured by a UCC-1 Financing Statement which was recorded with the Records Department of Philadelphia County on August 23, 2017 as instrument no. 53256720 (the "UCC-1").

C. On or about January 12, 2018, the Borrower executed and delivered to Lender an Amended and Restated Note (the "A&R Note") which amended the terms of the Note and reduced the balance of the Loan to $28,000,000.00, and all related documents associated with the A&R Note (collectively the "A&R Note Documents");

D. On or about January 30, 2019, Borrower and Lender entered into a certain Agreement to Modify Amended and Restated Note, along with all related documents (collectively the "First A/R Note Modification") which, *inter alia*, extended the maturity date of the Loan to January 30, 2020;

E. On or about January 30, 2020, Borrower and Lender entered into a certain Second Agreement to Modify Amended and Restated Note, along with all related documents

{04189364;v1 }

1

(collectively the "Second A/R Note Modification") which, *inter alia*, extended the maturity date of the Loan to August 31, 2020;

F.      The Note, the Guaranty, the Mortgage, the UCC-1, the ALAR, the A&R Note, the A&R Note Documents, the First A/R Note Modification, the Second A/R Note Modification, and all documents executed in connection with the Loan are hereinafter collectively referred to as the "Loan Documents," and the terms of which are incorporated herein by this reference;

G.      Borrower defaulted under the terms of the Loan Documents for, *inter alia*, failure to pay the balance due on the Loan in full on or before the maturity date of August 31, 2020 (the "Loan Defaults");

H.      As a result of the Loan Defaults, on or about November 12, 2020, Lender filed a foreclosure action against Borrower relating to the Mortgaged Property in the Court of Common Pleas of Philadelphia County at docket no. 201100908 (the "Foreclosure Action") which resulted in a judgment in foreclosure in the amount of $28,364,977.99 (the "Foreclosure Judgment") being entered against the Borrower, which Foreclosure Judgment is still outstanding and a sheriff's sale is presently scheduled for January 10, 2023 (the "Sheriff's Sale");

I.      Obligors requested that Lender forbear on exercising Lender's rights under the Loan Documents based on the Loan Defaults and permit Obligors to continue to make payments on the Loan through and including January 31, 2022 (the "First Forbearance Period") and Obligors and Lender entered into a Forbearance Agreement dated July 20, 2021 (the "First Forbearance");

J.      The First Forbearance Period expired and the Obligors requested an additional forbearance through and including March 31, 2022 (the "Second Forbearance Period"), provided that there was no new Event of Default under the terms of the Loan Documents which was memorialized in a Second Forbearance Agreement dated February 14, 2022 (the "Second Forbearance");

K.      The Second Forbearance Period expired and the Obligors requested an additional forbearance through and including July 1, 2022 (the "Third Forbearance Period"), provided that there was no new Event of Default under the terms of the Loan Documents which was memorialized in a Third Forbearance Agreement dated April 18, 2022 (the "Third Forbearance");

L.      The Third Forbearance Period expired and the Obligors requested an additional forbearance through and including August 1, 2022 (the "Fourth Forbearance Period"), provided that the was no new Event of Default under the terms of the Loan Documents, which was memorialized in a Fourth Forbearance Agreement dated July 7, 2022 (the "Fourth Forbearance");

M.      The Fourth Forbearance Period expired and the Obligors requested an additional forbearance through and including September 1, 2022 (the "Fifth Forbearance Period"), provided that the was no new Event of Default under the terms of the Loan Documents, which was memorialized in a Fifth Forbearance Agreement dated July 28, 2022 (the "Fifth Forbearance");

{04189364;v1 }

2

N.      The Fifth Forbearance Period expired and the Obligors requested an additional forbearance through and including October 31, 2022 (the "Sixth Forbearance Period"), provided that the was no new Event of Default under the terms of the Loan Documents, which was memorialized in a Sixth Forbearance Agreement dated September 1, 2022 (the "Sixth Forbearance");

O.      The Sixth Forbearance Period expired and the Obligors have requested an additional forbearance through and including December 31, 2022 (the "Seventh Forbearance Period"), provided that there was no new Event of Default under the terms of the Loan Documents, which was memorialized in a Seventh Forbearance Agreement dated December 5, 2022 (the "Seventh Forbearance");

P.      The Seventh Forbearance Period expired and the Obligors have requested an additional forbearance through and including March 31, 2023 (the "Eighth Forbearance Period"), provided that there was no new Event of Default under the terms of the Loan Documents;

Q.      As of December 31, 2022, the amount outstanding on the Loan is $36,732,430.15, which includes interest at the default rate from November 2, 2020 through December 31, 2022, with interest continuing to accrue daily at the default rate (the "Indebtedness");

R.      In order to avoid the need for further litigation, and to enable the Lender to maximize its recovery on the Indebtedness, Lender hereby agrees to: (i) forbear from exercising its remedies under the Loan Documents and applicable law during the Eighth Forbearance Period; (ii) allow the Obligors to make the payments set forth herein to be applied to the Indebtedness in accordance with the terms of this Eighth Forbearance and the Loan Documents; and, (iii) adhere to all other terms and conditions set forth herein;

S.      In exchange, the Obligors, and each of them, have agreed to (i) ratify and reaffirm all of the Loan Documents; (ii) waive any defenses to liability on the Loan Documents based on events occurring prior to the date of this Eighth Forbearance; (iii) ensure all payments are made as and when required as set forth herein; (iv) adhere to the other terms set forth herein; and (v) pay the Lender's legal fees with respect to the preparation of this Eighth Forbearance; and,

T.      By means of this Eighth Forbearance, the Obligors and the Lender, and each of them, desire to memorialize their agreements relating to the relationship between the Lender and the Obligors during the Eighth Forbearance Period.

IT IS THEREFORE AGREED by and among the Lender and the Obligors, and each of them, intending to be legally bound hereby, and in consideration of the mutual promises contained herein and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, as follows:

**AGREEMENT**

1.      **Adoption of Recitals**. The Parties, and each of them, hereby adopt the foregoing Recitals as their own statements, certify them as being true and accurate, and incorporate them by reference herein. In this Eighth Forbearance, headings are not part of the text; the text of the sentences controls.

2. **Acknowledgement of the Events of Default and the Eighth Forbearance Period.** Obligors, acknowledge and agree that, as of the time of their execution of this Eighth Forbearance, the Loan Defaults have occurred under the Loan Documents. Effective upon execution of this Eighth Forbearance by all Parties, Lender shall forbear from exercising its remedies under the Loan Documents and applicable law during the Eighth Forbearance Period, provided that the terms of this Eighth Forbearance are strictly enforced and no new Event of Default (as defined below) occurs with regard to this Eighth Forbearance and/or the Loan Documents.

3. **Terms Governing the Forbearance Period.** The following shall be required for the Lender to forbear from exercising its rights under the Loan Documents for the term of the Eighth Forbearance Period, as follows:

   a. Monthly Payment. **No later than December 31, 2022, January 31, 2023 and February 28, 2023 by 2:00 p.m. est**, Obligors agree to make a payment to Lender in the amount of $116,666.67, which is the monthly payment due for that respective month, which shall be applied to the balance due on the Loan. This payment shall be applied to current and past due interest first, then to other expenses, and finally principal in Lender's sole discretion

   b. Forbearance Extension Fee. Obligors agree to the monthly extension fee of $58,333.33 that will be imposed for each of the three (3) months that the loan has been extended, for a total of $174,999.99. This final amount of $174,999.99 will be added to the balance of the loan.

   c. Payoff of the Loan. The Obligors acknowledge and agree that the Loan is to be paid in full on or before March 31, 2023 by 3:00 pm (Eastern Time). Should the Obligors fail to pay the Indebtedness in full on or before March 31, 2023, it shall be deemed a default under this Eighth Forbearance and the Indebtedness shall immediately become due and payable in full without any further notice to Obligors.

   d. Postponement of Sheriff's Sale. The Parties acknowledge and agree that, provided the payments set forth above in section 3(a) are received as requested, Lender will continue the Sheriff's Sale to the April 4, 2023, sale date. The Obligors acknowledge that should the Loan not be paid in full on or before March 31, 2022, the Lender will move forward with the scheduled Sheriff's Sale on April 4, 2023.

   e. Attorney's Fee. The attorney's fees incurred for this Eighth Forbearance shall be due and payable and shall be added to the balance due on the Loan and payable at the time the Loan is paid in full, unless otherwise demanded

   f. Default Interest. The default interest rate of 18% has been applied to the Loan since November 2, 2020. Should the Obligors pay the Loan in full on or before the end of the Eighth Forbearance Period, then Lender will credit back the default interest rate paid by Obligors from November 2, 2020 through the and including the Eighth Forbearance Period, which credit shall be given to the Obligors at the time that the loan payoff is provided by Lender. Should the Loan not be paid in full on or before the end of the Eighth Forbearance Period, the

default interest that has been paid since November 2, 2020, shall not be credited against the balance due on the Loan and the full remaining balance shall be due and payable to Lender.

      g.    <u>Non-Waiver</u>. Other than as set forth in this Eighth Forbearance, all other terms, conditions and covenants of the Loan Documents, as may have been amended from time to time, shall remain in full force and effect.

**4.**    **<u>Conditions Precedent.</u>** The Lender's agreement to forbear hereunder is conditioned upon the satisfaction by the Obligors of the following conditions precedent:

      a.    <u>Execution of Agreement</u>. Delivery of this Agreement duly executed by the Obligors and the Lender on or before January 10, 2023;

      b.    <u>Delivery of Additional Documents</u>. Obligors' delivery of any other documents, agreements and/or instruments that the Lenders may reasonably require in connection with this Eighth Forbearance including the corporate resolution; and,

      c.    <u>Payment of Payment and all Expenses Associated with this Agreement</u>. Obligors shall be responsible for paying the December 31, 2022, payment required in section 3(a) above.

**5.**    **<u>Release of Lender and Waiver of Defenses to Liability Under the Loan Documents.</u>**

      a.    <u>Release of Lender</u>. As further consideration for Lender's agreement to grant the accommodations set forth in this Eighth Forbearance, Obligors, and each of them, along with their respective heirs, legatees, executors, administrators, trustees, assigns, assignees, legal guardians, legal custodians, successors, successors-in-interest, receivers, agents, attorneys and insurers (collectively, the "<u>Obligor Parties</u>") hereby release and forever discharge Lender and its trustees, assigns, assignees, successors, successors-in-interest, receivers, insurers, officers, directors, employees, agents, attorneys, corporate parents, corporate subsidiaries, members, owners, shareholders, partners, general partners, and/or limited partners (collectively, the "<u>Lender Parties</u>") from any and all claims, claims for attorneys' fees, demands, charges, costs, expenses, liabilities, actions, and causes of action of any kind, whether arising at law, in equity, by statute, by regulation or otherwise, whether known or unknown, suspected or unsuspected, foreseen or unforeseen, actual or potential, that the Obligor Parties, or any of them, had, may have had, have, may have, or may have in the future against the Lender Parties, or any of them, from the beginning of time through and including the date that all of the Parties execute this Eighth Forbearance. The Obligor Parties expressly waive any right to assert hereafter any cause of action or claim or demand of any kind whatsoever which may exist or might be claimed to exist that has, through oversight or error, intentionally or unintentionally, been omitted from this Eighth Forbearance; provided, however, that nothing in this paragraph shall be construed to waive any Party's right to enforce any provision of this Eighth Forbearance. It is agreed and understood by the Parties that this release is a GENERAL RELEASE regarding its subject matter and is to be construed in the broadest possible manner consistent with applicable law.

b. <u>Waiver of Defenses to Liability Pursuant to the Loan Documents</u>. The Obligors, and each of them, hereby irrevocably and permanently waive any defenses to their liability pursuant to the Loan Documents for the amounts due under the Loan based upon events, acts, statements and/or omissions that had occurred, have occurred, or may have occurred from the beginning of time through and including the date that all of the Parties execute this Eighth Forbearance, regardless of whether such events, acts, statements and/or omissions were known or unknown to the Obligors and/or discoverable or undiscoverable by the Obligors at the time of the execution of this Eighth Forbearance.

6. **<u>Obligors' Acknowledgement of Existing Indebtedness and Confirmation of Existing Collateral.</u>**

a. Obligors hereby acknowledge, agree and confirm that, as of the close of business on December 31, 2022, Obligors are indebted to Lender with respect to the Loan in the amount of $36,732,430.15. The Indebtedness, together with interest accrued and accruing thereon, and fees, costs, expenses, late fees and other charges now or hereafter payable by Obligors to Lender in accordance with the Loan Documents are unconditionally owing by Obligors to Lender, without offset, defense or counterclaim of any kind, nature or description whatsoever.

b. Obligors hereby acknowledge, agree and confirm that, as of the time of their execution of this Eighth Forbearance, Lender has a perfected security interest in all collateral set forth in the Loan Documents.

7. **<u>CONFESSION OF JUDGMENT</u>**. THE OBLIGORS HEREBY IRREVOCABLY AUTHORIZE AND EMPOWER ANY ATTORNEY-AT-LAW TO APPEAR IN ANY COURT OF RECORD AND TO CONFESS JUDGMENT AGAINST THE OBLIGORS FOR THE UNPAID AMOUNT OF THE LOAN AS EVIDENCED BY AN AFFIDAVIT SIGNED BY AN OFFICER OF LENDER SETTING FORTH THE AMOUNT THEN DUE, TOGETHER WITH ALL INDEBTEDNESS PROVIDED FOR THEREIN (WITH OR WITHOUT ACCELERATION OF MATURITY), PLUS ATTORNEYS' FEES OF TEN PERCENT (10%) OF THE TOTAL INDEBTEDNESS OR ONE THOUSAND DOLLARS ($1,000.00), WHICHEVER IS THE LARGER AMOUNT FOR THE COLLECTION, WHICH OBLIGORS AND LENDER AGREE IS REASONABLE, PLUS COSTS OF SUIT, AND TO RELEASE ALL ERRORS, AND WAIVE ALL RIGHTS OF APPEAL.  THE OBLIGORS EXPRESSLY RELEASE ALL ERRORS, WAIVE ALL STAY OF EXECUTION, RIGHTS OF INQUISITION AND EXTENSION UPON ANY LEVY UPON REAL ESTATE AND ALL EXEMPTION OF PROPERTY FROM LEVY AND SALE UPON ANY EXECUTION HEREON; AND THE OBLIGORS EXPRESSLY AGREE TO CONDEMNATION AND EXPRESSLY RELINQUISHE ALL RIGHTS TO BENEFITS OR EXEMPTIONS UNDER ANY AND ALL EXEMPTION LAWS NOW IN FORCE OR WHICH MAY HEREAFTER BE ENACTED.  NO SINGLE EXERCISE OF THE FOREGOING WARRANT AND POWER TO CONFESS JUDGMENT WILL BE DEEMED TO EXHAUST THE POWER, WHETHER OR NOT ANY SUCH EXERCISE SHALL BE HELD BY ANY COURT TO BE INVALID, VOIDABLE OR VOID; BUT THE POWER WILL CONTINUE UNDIMINISHED AND MAY BE EXERCISED FROM TIME TO TIME AS LENDER MAY ELECT UNTIL ALL AMOUNTS OWING ON THIS EIGHTH FORBEARANCE AND/OR THE LOAN DOCUMENTS HAVE BEEN PAID IN FULL.  THE OBLIGORS HEREBY WAIVE AND RELEASE ANY AND ALL CLAIMS OR CAUSES OF ACTION WHICH THE OBLIGORS MIGHT HAVE AGAINST

ANY ATTORNEY ACTING UNDER THE TERMS OF AUTHORITY WHICH THE OBLIGORS HAVE GRANTED HEREIN ARISING OUT OF OR CONNECTED WITH THE CONFESSION OF JUDGMENT HEREUNDER.

Initials:

_____        _____        _____
Borrower                JPC Charities         Brith Sholom Foundation, Inc.

8. **Ratification of Prior Loan Documents and Agreements**. Except as expressly set forth herein, each Obligor hereby ratifies and reaffirms in all respects and without condition, all of the terms, covenants and conditions set forth in the Loan Documents, and hereby agree that each Obligor remains jointly and severally liable to Lender in accordance with the respective terms, covenants and conditions of such instruments, agreements and documents, and that all collateral, liens, security interests and pledges created pursuant thereto, and/or referred to therein continue unimpaired and in full force and effect, and secure and shall continue to secure all of Obligors' respective obligations under the Loan Documents. Other than as expressly set forth herein, no modification of the Loan Documents is hereby intended, and the Loan Documents shall remain fully enforceable according to their original terms and conditions.

9. **Consideration Paid And/Or Tendered By Obligors Pursuant To This Eighth Forbearance.** The consideration paid and/or tendered by the Obligors hereto, includes, but is not limited to, the following: (i) their release of the Lender Parties in accordance with paragraph 5 hereto; (ii) their ratification and reaffirmation of the Loan Documents; (iii) their waiver of any defenses to liability on the Loan Documents in accordance with paragraph 5(b) hereto; and (iv) their execution of the warrant of attorney provisions contained in paragraph 7 hereto.

10. **Forbearance and Non-Waiver of Legal Remedies.** Nothing contained in this Eighth Forbearance shall be deemed a waiver of any other default or event of default not specifically described herein, nor a waiver of any rights, remedies or recourse available to Lender, nor any election of remedies resulting from the defaults discussed herein nor any other defaults which may exist with respect to the indebtedness under the Loan and/or the Loan Documents and/or the First Forbearance and/or the Second Forbearance and/or Third Forbearance and/or Fourth Forbearance and/or Fifth Forbearance and/or Sixth Forbearance and/or Seventh Forbearance. Should the Obligors, or any of them, fail to perform the foregoing obligations, Lender, at its sole discretion, may pursue all legal rights, remedies and/or recourse available to Lender against the Obligors, including, but not limited to acceleration of the indebtedness under the Loan comprising the Indebtedness. All of the Lender's costs, if any, including but not limited to, attorney's fees, may be added to Obligors' debt obligations to Lender. All of the Lender's rights and remedies, whether evidenced by any other of the Loan Documents shall be cumulative and in addition to all other rights and remedies granted to the Lender at law or in equity and may be exercised from time to time as often as deemed expedient by the Lender. The Obligors, and each of them, acknowledge that the Lender is not waiving any default, right or remedy by entering into this Eighth Forbearance.

11. **Representations and Warranties**. Obligors, and each of them, represent and warrant to Lender that (i) Obligors, and each of them, were provided with the opportunity to be

{04189364;v1 }
7

represented by legal counsel of their choice in regard to the transaction provided for by this Eighth Forbearance, if any, prior to signing this Eighth Forbearance, and that, where such counsel has been retained, such counsel has explained to each of them the significance of the terms, and the meaning and effect of this Eighth Forbearance and all documents executed in connection herewith, (ii) Obligors are fully aware and clearly understand all of the terms and provisions contained in this Eighth Forbearance and in all documents executed in connection herewith, (iii) Obligors have voluntarily, with full knowledge and without coercion or duress of any kind, entered into this Eighth Forbearance and the documents executed in connection herewith, (iv) Obligors are not relying on any representations, either written or oral, express or implied, made to any of them by the Lender, any agent or representative of the Lender, or any of the Lender Parties other than what is expressly set forth in this Eighth Forbearance, and disclaim any reliance upon any representations that are not expressly set forth in this Eighth Forbearance, and (v) the consideration received by Obligors to enter into this Eighth Forbearance and the arrangement contemplated by this Eighth Forbearance is fair, reasonable, equitable, actual, and adequate.

12. **Events of Default**.  The default by Obligors in payment or performance of any of the terms of: (i) this Eighth Forbearance, or (ii) any of the Loan Documents, and the failure to cure any such default within the time period, if any, permitted for such cure pursuant to the terms and provisions of this Eighth Forbearance or the applicable Loan Document, shall constitute an event of default (each, an "Event of Default") and shall constitute events of default hereunder.

13. **Remedies on Event of Default**.  Upon the occurrence of an Event of Default, Lender may immediately, and without demand, exercise any of the rights and remedies granted under any of the Loan Documents, this Eighth Forbearance, the Foreclosure Judgment or applicable law, including, but not limited to, the acceleration of the debt owed pursuant to the Loan Documents or this Eighth Forbearance and/or the filing of a law suit to collect the then outstanding Indebtedness and/or possession as set forth herein and in the Loan Documents and/or the filing of a confession of judgment.  The Obligors acknowledge that should the Obligors not adhere to the terms of this Eighth Forbearance, the Lender may proceed with the Sheriff's Sale.

14. **Termination of Forbearance Period**.  Upon the occurrence of an Event of Default, Lender shall no longer be required to forbear from exercising its rights and remedies in accordance with the provisions of this Eighth Forbearance.  Lender shall have all of the rights described herein, in addition to remedies provided in any of the Loan Documents, and under applicable law or in equity.  All amounts due under the Loan Documents shall become immediately due and payable at the option of Lender, without any demand or notice whatsoever.  Additionally, Lender may proceed, at the sole option of Lender, against Obligors under the terms of any of the Loan Documents, as appropriate, without Lender first being required to make demand on or to pursue any of its rights against any other person and without being required to liquidate or realize on any collateral.

15. **Bankruptcy Provisions**.  Obligors hereby consent to, and in no event contest, Lender's request for Relief from the Automatic Stay of the United States Bankruptcy Code in the event of any bankruptcy filing by any of the Obligors under any state or federal bankruptcy act or similar action in state court for a receivership.  The Obligors further agree not to contest any application for an Order by Consent for Relief from the Automatic Stay to seek possession of

{04189364;v1 }

8

any of the collateral or any other property that secures the Loan and any other act as deemed applicable to collect any amounts owed by Obligors to Lender and enforce the rights of Lender as permitted under this Eighth Forbearance and/or the Loan Documents.

16. **Lien Priorities**. If it is determined that any other person or entity other than the Lender shall have a lien, encumbrance, or claim of any type which has a legal priority over any term of this Eighth Forbearance, the original terms of the Loan Documents shall be severable from this Eighth Forbearance and separately enforceable from the terms thereof as modified hereby in accordance with their original terms, and the Lender shall maintain all legal or equitable priorities which were in existence before the date of execution of this Eighth Forbearance. It is understood by and is the intention of the parties hereto that any legal or equitable priorities of the Lender over any party that were in existence before the date of execution of this Eighth Forbearance shall remain in effect after the execution of this Eighth Forbearance.

17. **Miscellaneous Provisions**.

    a. <u>Time</u>. Time is the essence of each provision of this Eighth Forbearance.

    b. <u>Notices</u>. Any notice, demand or communication required or permitted to be given by any provision of this Eighth Forbearance will be deemed to have been given when delivered personally to the party designated to receive such notice, or on the date following the day sent by overnight courier, or on the third (3rd) business day after the same is sent by certified mail, postage and charges prepaid, return receipt requested, directed to the following addresses or to such other or additional addresses as any party might designate by written notice to the other parties given in the manner set forth herein:

    | | |
    |---|---|
    | If to the Obligors: | Brith Sholom Winit, LP<br>3939 Conshohocken Avenue<br>Philadelphia, Pa 19131 |
    | With a copy to: | S. Joshua Kahane, Esq.<br>Glankler Brown PLLC<br>600 Poplar Ave., Ste. 400<br>Memphis, TN 38119 |
    | If to the Lender: | New World Commercial Credit<br>644 Fernandez Juncos Avenue, Ste. 301<br>San Juan, PR 00901<br>Attn: _____ |
    | With a copy to: | Starfield & Smith, PC<br>1300 Virginia Drive, Suite 325<br>Fort Washington, PA 19034<br>Attn: Lyndsay Rowland, Esquire |

{04189364;v1 }

9

   c. <u>Entire Agreement</u>. This instrument constitutes the entire agreement among the parties relating to the subject matter of this Eighth Forbearance and there are no agreements, understandings, warranties or representations among the parties relating to the subject matter of this Eighth Forbearance except as set forth herein.

   d. <u>Binding Effect</u>. This Eighth Forbearance will inure to the benefit of and bind the respective successors and permitted assigns of the parties.

   e. <u>Severability</u>. If any provision of this Eighth Forbearance is determined by a court of competent jurisdiction to be illegal, invalid or unenforceable under any present or future law, the remainder of this Eighth Forbearance will not be affected thereby. It is the intention of the parties that if any provision is so held to be illegal, invalid or unenforceable, there will be added in lieu thereof a provision as similar in terms to such provision as is possible and be legal, valid and enforceable.

   f. <u>Governing Law</u>. Obligors and lender and/or its successors agree that this Eighth Forbearance shall be governed and construed in accordance with the laws of the Commonwealth of Pennsylvania.

   g. <u>Counterpart Execution</u>. This Eighth Forbearance may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together will constitute one and the same instrument. This Eighth Forbearance may be executed by facsimile signature, e-mailed portable document format ("PDF") signature, or original signature. Any facsimile signature or e-mailed PDF signature shall be deemed an original and have the same effect as an original. This document will not be binding on or constitute evidence of a contract among the parties until such time as a counterpart of this document has been executed by each Party and a copy thereof delivered to the other Parties to this Eighth Forbearance.

   h. <u>Amendment</u>. Neither this Eighth Forbearance nor any of the provisions hereof can be changed, waived, modified, amended, discharged or terminated, except by an instrument in writing signed by the Party against whom enforcement of the change, waiver, modification, amendment, discharge or termination is sought stating that the Seventh Forbearance "is to be changed," "is to be waived," "is to be modified," "is to be amended," "is to be discharged," and/or "is to be terminated."

   i. <u>Acknowledgments</u>. Obligors, and each of them, acknowledge that this Eighth Forbearance is valid, binding, and enforceable in accordance with its terms. This Eighth Forbearance has been entered into by the Parties at the request of Obligors, and the Obligors acknowledge that they have executed this Eighth Forbearance voluntarily, with full knowledge and a complete understanding of the terms and effect of this Eighth Forbearance and that they were fully advised by competent counsel of their choosing, if any, as to the precise nature and effect of each of its applicable terms and provisions.

   j. <u>Further Assurances</u>. Obligors, and each of them, will execute and deliver such further instruments and perform such further acts as may be requested by Lender from time to time to confirm and to carry out more effectively the purposes of this Eighth Forbearance.

{04189364;v1 }
10

k. <u>WAIVER OF JURY TRIAL</u>. OBLIGORS AND THE LENDER HEREBY IRREVOCABLY WAIVE THEIR RIGHT TO TRIAL BY JURY IN ANY CONTROVERSY ARISING OUT OF OR RELATING TO THIS EIGHTH FORBEARANCE, THE LOAN DOCUMENTS OR THE RELATIONSHIP BETWEEN OBLIGORS AND LENDER.

IN WITNESS WHEREOF, the parties hereto, with the intent of being legally bound hereby, have set their respective hands and seals as of the date first above written.

OBLIGORS:

BRITH SHOLOM WINIT, LP

Dated: 3/01/2023            By: _____
                            Name:
                            Title:

JPC CHARITIES

Dated: 3/01/2023            By: _____
                            Name:
                            Title:

BRITH SHOLOM FOUNDATION, INC.

Dated: 3/01/2023            By: _____
                            Name:
                            Title:

[Signatures continue on the following page]

{04189364;v1}
11

|  |  |
|---|---|
|  | LENDER: |
|  | NEW WORLD COMMERCIAL CREDIT |
| Dated: 03/01/2023 | By: *(signature)* |
|  | Name: Rosana Siberio |
|  | Title: VP, Agent |